Gen. 303]                                                                 303

**PUBLIC OFFICERS AND EMPLOYEES − STATE'S ATTORNEYS −
COURTS AND JUDGES − INITIATION OF APPOINTMENT
PROCESS TO FILL STATE'S ATTORNEY VACANCY**

September 9, 1993

*The Honorable William D. Missouri*
*County Administrative Judge*
*Seventh Judicial Circuit*

You have asked for our opinion whether the judges of the
Circuit Court for Prince George's County may appoint a State's
Attorney "before the office becomes vacant."[1]

For the reasons set forth below, we conclude that the judges of
the Circuit Court for Prince George's County may neither nominate
nor appoint a successor to the current State's Attorney until a
vacancy in that position has occurred or is certain to occur. The
vacancy will not be certain to occur until the United States Senate
has consented to Mr. Williams' appointment to the federal bench and
the effective date of Mr. Williams' resignation from the position of
State's Attorney is fixed.

**I**

**Background**

The incumbent State's Attorney, Alexander Williams, Jr., has
been nominated by President Clinton to fill a vacancy on the bench
of the United States District Court for the District of Maryland. Mr.
Williams' appointment to the federal bench has not yet been

---

[1] You also requested our opinion whether any Canons of the Code
of Judicial Conduct would be violated by a sitting Prince George's County
judge applying for the anticipated vacancy and soliciting support from the
other judges for the appointment. This opinion does not address these
ethics questions, because they have been referred by the Honorable Robert
C. Murphy, Chief Judge of the Court of appeals, to the Honorable William
W. Wenner, chair of the Judicial Ethics Committee, pursuant to Canon 7
of the Code of Judicial Conduct.

confirmed by the Senate.[2]  The office of State's Attorney for Prince George's County is not yet vacant.

In order to avoid a future hiatus in office of the State's Attorney, the judges of the Circuit Court for Prince George's County have initiated procedures under which interested persons may apply on or before September 10, 1993.  A nominee for the anticipated vacancy will be selected, by majority vote taken by secret ballot, on September 17, 1993.  The nominee would then be appointed State's Attorney for Prince George's County by an order signed by the judges after the position becomes vacant.

## II

### Appointment of State's Attorney

Article V, §11 of the Maryland Constitution provides as follows:

> In case of a vacancy in the office of State's Attorney, or of his removal from the county or city in which he shall have been elected, or on his conviction as herein specified, the Judge or Judges resident in the county or, if there be no resident Judge, the Judge or Judges having jurisdiction in the Circuit Court of the county in which the vacancy occurs, ... shall appoint a person to fill the vacancy for the residue of the term.

The judges' authority under Article V, §11 arises only "in the case of a vacancy" in the office of the State's Attorney.  Essentially the same phrase, "in the case of any vacancy," appears in Article II, §11 of the Constitution, which sets out the authority of the Governor to fill vacancies.  In *Smoot v. Somerville,* 59 Md. 84 (1882), the Court of Appeals held that an appointment made by the Governor was void, because no vacancy existed at the time that the appointment was made.  In *Ash v. McVey*, 85 Md. 119, 131 (1897),

---

[2]  Under Article II, §2 of the United States Constitution, an appointment of a judge of the United States District Court is accomplished only with the "Advice and Consent of the Senate."

the Court reiterated its holding in *Smoot v. Somerville*: A power of appointment to fill a vacancy cannot be exercised until the vacancy actually exists. Quoting from the concurring opinion in *Smoot*, the Court stated unequivocally that "'[t]he vacancy must actually exist before the power of appointment can be exercised; for it is only the existence of the vacancy that can call into activity the power to appoint.'" *Id.*

These cases did not present the issue whether a vacancy exists, for purposes of appointment of a successor, when an actual vacancy does not yet exist but is certain to occur. Out-of-state authority supports the proposition that a resignation with a future effective date is "final ... when it is received by, or filed with the officer authorized by law to fill the vacancy." *Cole v. McGillicuddy*, 21 Ill. App. 3d 645, 316 N.E. 2d 109, 110 (1974). Such a "final" resignation "creates a vacancy in that office when received." *Id. See generally* 63A Am. Jur. 2d *Public Officers and Employees* §§144, 174, and 175 (1984). A 1986 advice letter from this office summarized "[t]he general rule, ... recognized in other jurisdictions, ... that there is no legal objection to the making of prospective appointments to fill vacancies *which are certain to occur."* Letter from Assistant Attorney General Richard E. Israel to Senator James C. Simpson (November 20, 1986).[3]

Applying this general principle, this office has advised that when an incumbent has submitted a resignation with a reasonable prospective effective date and the resignation has become irrevocable, thereby making the vacancy certain to occur, the appointing authority may rely on the resignation to trigger the appointment process. Letter from Assistant Attorney General Robert A. Zarnoch to Delegate Robert R. Staab (December 10, 1987). The contrary view − that the appointment process may not be undertaken until the incumbent no longer occupies the office − would lead inevitably to a hiatus in the office, a greatly disfavored result.

Nothing in the case law or this office's prior advice, however, suggests that a vacancy can exist *prior to* the event that makes the

---

[3] Under long-accepted practice, for example, the Governor routinely submits for Senate confirmation nominees for vacancies that will arise on the future expiration of terms of office. The expiration of the term provides the requisite certainty about the occurrence of the vacancy.

vacancy a certainty at a future, specific date. Because Alexander Williams' nomination to the federal bench has not been confirmed by the Senate and he has not tendered his resignation from the position of State's Attorney for Prince George's County, the vacancy in the position of State's Attorney is not yet certain to occur. Mere expectation is insufficient to trigger the appointment process.

## III

### Conclusion

In summary, it is our opinion that the judges of the Circuit Court for Prince George's County may not exercise their appointment powers under Article V, §11 of the Constitution and may not initiate the procedure for appointing a successor to the current State's Attorney until a vacancy in the position is certain to occur. The requisite certainty will not exist until Mr. Williams' nomination to the federal bench has been confirmed by the United States Senate and the date of Mr. Williams' resignation from the position of State's Attorney is fixed.

> J. Joseph Curran, Jr.
> *Attorney General*
>
> Julia M. Freit
> *Assistant Attorney General*

Jack Schwartz
*Chief Counsel*
  *Opinions & Advice*